UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSHUA DAVIS,

                Plaintiff,

        -against-

CITY OF NEW YORK; Police Officer MICHAEL GENKERELL, Shield # 22527, and JOHN DOE 1 through 5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown),

                Defendants.

------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

19-CV-7387

## INTRODUCTION

1.    Plaintiff Joshua Davis ("Plaintiff"), through his attorney, Joe Stancati, Esq., brings this action for compensatory damages, punitive damages and attorneys' fees and costs for the wrongful and unlawful acts of Defendants CITY OF NEW YORK ("CITY"), New York City Police Department ("NYPD") Police Officer MICHAEL GENKERELL ("GENKERELL") and Police Officers JOHN DOE 1 through 5 (collectively, "DEFENDANTS"), in violation of Plaintiff's rights under the laws and Constitution of the United States of America.

## NATURE OF THE ACTION

2.    This is an action to recover money damages on Plaintiff's behalf arising out of DEFENDANTS' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## JURISDICTION AND VENUE

3. This action seeks redress for the violation of Plaintiff's constitutional and civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff resides in Bronx County in the City and State of New York.

8. Defendant CITY is a municipal corporation organized under the laws of the State of New York. It is authorized by law to maintain and operate the NYPD, an agency of Defendant CITY in the area of law enforcement. Defendant CITY is thereby responsible for the actions of the NYPD. The NYPD is responsible for the training, appointment, supervision, promotion and discipline of police officers and supervisory police officers, including the individually-named defendants herein.

9. Defendant GENKERELL, at all pertinent times, was carrying out his official duties as a police officer, detective or supervisor employed by the NYPD, with the authority attendant to those positions, under color of state law. Defendant GENKERELL is sued in his individual and official capacities.

10. Plaintiff presently does not know the real names and shield numbers of

Defendant Police Officers JOHN DOE 1 through 5.

11. Defendant Police Officers JOHN DOE 1 through 5, at all pertinent times, were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Defendant Police Officers JOHN DOE 1 through 5 are sued in their individual and official capacities.

## FACTS

12. Plaintiff is an African-American, black man who is 29 years old.

13. On May 20, 2017, at about 1:40 a.m., Plaintiff was lawfully driving on the southwest corner of Boston Road near East 173rd Street in the Bronx.

14. Plaintiff stopped his vehicle at the red light at the intersection of Boston Road and East 173rd Street.

15. Without probable cause or reasonable suspicion, Defendant Police Officer GENKERELL, whose police car was behind Plaintiff's vehicle, engaged his siren and pulled over Plaintiff.

16. Plaintiff did not know why he was being pulled over.

17. Plaintiff pulled over and stopped his vehicle.

18. Defendant Police Officer GENKERELL exited his vehicle and walked to the driver side of Plaintiff's vehicle.

19. Defendant Police Officer GENKERELL asked Plaintiff to step out of the vehicle.

20. Plaintiff asked Defendant Police Officer GENKERELL why he had been pulled over, and Defendant Police Officer GENKERELL replied, in sum and substance,

that he could smell marijuana coming from Plaintiff's car.

21. Defendant Police Officer GENKERELL and Defendant Police Officer JOHN DOE #1 searched Plaintiff's person and found no contraband or anything else illegal.

22. Defendant Police Officer GENKERELL and Defendant Police Officer JOHN DOE #1 searched Plaintiff's car and found no contraband or anything else illegal.

23. Still without probable cause or reasonable suspicion, Defendant Police Officer GENKERELL and Defendant Police Officer JOHN DOE #1 handcuffed and arrested Plaintiff.

24. Plaintiff was transported to the 42nd Precinct, searched again and fingerprinted.

25. Plaintiff was then transferred to Central Booking.

26. Plaintiff was arraigned on charges of operating a motor vehicle while under the influence of drugs or alcohol.

27. Plaintiff had to make approximately three court appearances due to these false charges.

28. On August 28, 2017 all charges against Plaintiff were dismissed.

## FIRST CLAIM
### False Arrest under 42 U.S.C. § 1983.

29. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

30. As a result of the aforementioned conduct of Defendant Police Officer GENKERELL and Defendant Police Officers JOHN DOE #1 through #5, Plaintiff was

subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant Officers, without any probable cause, privilege or consent.

31. As a direct and proximate result of the foregoing, these Defendant Officers deprived Plaintiff of his liberty for about 24 hours, and Plaintiff was at all times aware of his confinement. Plaintiff was subjected to handcuffing and other physical restraints without probable cause.

32. As a direct and proximate result of his false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within his community. Plaintiff's reputation with his community suffered as a result of this false arrest.

33. Also, Plaintiff suffered: pain and discomfort; mental and emotional pain; and public humiliation and embarrassment.

34. These Defendant Officers carried out the aforementioned acts under color of state law.

35. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

36. These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

37. These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SECOND CLAIM
### Malicious Prosecution under 42 U.S.C. § 1983.

38. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

39. Defendant Police Officer GENKERELL and Defendant Police Officers JOHN DOE #1 through #5 initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for over 3 months and to suffer a significant deprivation of liberty in connection therewith.

40. The criminal charges against Plaintiff were terminated in his favor.

41. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

42. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

43. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free of malicious prosecution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

## THIRD CLAIM
### Violation of Equal Protection under 42 U.S.C. § 1983.

44. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

45. Plaintiff is an African-American, black man.

46. As a result of the aforementioned conduct of Defendant Police Officer GENKERELL and Defendant Police Officers JOHN DOE #1 through #5, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant Officers, without any probable cause, privilege or consent.

47. Defendant Police Officer GENKERELL executed a criminal complaint against Plaintiff.

48. Defendant Police Officer GENKERELL thereby initiated criminal proceedings against Plaintiff.

49. These Defendant Officers took these actions, solely or in part, because they were motivated to discriminate against Plaintiff due to his race and color.

50. As a direct and proximate result of these violations of Plaintiff's rights to equal protection under the law, Plaintiff was deprived of his liberty for about 24 hours and required to defend himself against false and spurious criminal charges for over 3 months. Consequently, Plaintiff was subjected to humiliation, embarrassment and disgrace within his community. Plaintiff's reputation with his community suffered as a result of these violations of his rights to equal protection under the law.

51. Also, Plaintiff suffered: pain and discomfort; mental and emotional pain; and public humiliation and embarrassment.

52. These Defendant Officers carried out the aforementioned acts under color of state law.

53. These actions against Plaintiff deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

54. These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

55. These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## FOURTH CLAIM
### Failure to Intervene under 42 U.S.C. § 1983.

56. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

57. The individually-named Defendant Officers who were present during the incident but did not actively participate in the unlawful conduct described herein, including Defendant Police Officers JOHN DOE #2 through #5, did observe such conduct and had an opportunity to prevent such conduct, and therefore had an affirmative duty to intervene on behalf of Plaintiff to prevent the aforementioned violations of his constitutional rights by Defendant Police Officers GENKERELL Defendant Police Officers JOHN DOE #1.

58. Said individually-named Defendant Officers, including Defendant Police Officers JOHN DOE #2 through #5, failed to so intervene.

59. As a direct and proximate result of these Defendant Officers' abdication of their affirmative duty to so intervene on behalf of Plaintiff, Plaintiff was deprived of his

liberty for about 24 hours and required to defend himself against false and spurious criminal charges for over 3 months. Consequently, Plaintiff was subjected to humiliation, embarrassment and disgrace within his community. Plaintiff's reputation with his community suffered as a result of these violations of his rights to equal protection under the law.

60. Also, Plaintiff suffered: pain and discomfort; mental and emotional pain; and public humiliation and embarrassment.

61. These Defendant Officers carried out the aforementioned acts under color of state law.

62. These actions against Plaintiff deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

63. These Defendant Officers are liable, in their individual and official capacities, for compensatory damages, in amounts to be determined at trial.

## FIFTH CLAIM
### Municipal Liability under 42 U.S.C. § 1983

64. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

65. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to his by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

66. The acts of the individual Defendant Officers complained of herein were committed while they were carrying out their official duties as police officers, detectives

or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law.

67. The acts of the individual Defendant Officers complained of herein were committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

68. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

69. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

71. Defendant Officers, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

72. Defendant Officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

73. Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violations of the right to freedom from false arrest and

prosecution not based on probable cause or reasonable suspicion, and race- or color-based discrimination, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

74. All of the foregoing acts by DEFENDANTS deprived Plaintiff of federally-protected rights, including, *inter alia*, the right:

   a. To be free from search, seizure, arrest, imprisonment and prosecution not based upon reasonable suspicion or probable cause;

   b. To be free from and race- or color-based discrimination; and

   c. To be free from deprivation of liberty without due process of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against DEFENDANTS as follows:

1. Compensatory damages against all DEFENDANTS, jointly and severally;
2. Punitive damages against Defendant Officers, jointly and severally;
3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
4. Such other and further relief as this Court deems just and proper.

Dated:  August 7, 2019
        New York, NY

Respectfully,

**Law Office of Joe Stancati**
305 Broadway, 9th Floor
New York, NY 10007
212-822-1456 (office)
212-858-9205 (cell)
212-656-1363 (fax)
joe@stancati-law-nyc.com

*Attorney for Plaintiff*